UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE HEROD,

    Petitioner,

v.

PAT GLEBE,

    Respondent.

CASE NO. C13-1403 MJP

ORDER ON REPORT AND RECOMMENDATION

The Court, having reviewed the petition for habeas corpus (Dkt. No. 8), the Report and Recommendation of Judge Tsuchida, United States Magistrate Judge (Dkt. No. 21), and Petitioner's objections (Dkt. No. 22), finds and orders as follows:

(1) The Report and Recommendation is ADOPTED;

(2) Petitioner's § 2254 habeas petition is DENIED on the merits and DISMISSED with prejudice;

(3) Petitioner's request for an evidentiary hearing is DENIED;

(4) Petitioner is DENIED issuance of a certificate of appealability; and

(5) The Clerk shall send a copy of this Order to the parties and Judge Tsuchida.

ORDER ON REPORT AND
RECOMMENDATION- 1

**Background**

Mr. Herod was convicted by a Washington jury of two counts of first degree robbery. (Administrative Record, Dkt. No. 16, Ex. 10 at 3.) After Navin Pai and Matthew Tundo were robbed and Mr. Pai had his car stolen, they were taken by police to the location where the alleged robber was found. (Id. at 2.) They identified the man, Mr. Herod, as the individual who robbed them. (Id.) Mr. Pai and Mr. Tundo testified at trial about this show-up identification. (Id. at 3.) Mr. Herod appealed, arguing the show-up identification was impermissibly suggestive and unreliable. (Id.) The Washington Court of Appeals affirmed the conviction, determining the identifications were reliable and properly admitted based on the factors announced in Neil v. Biggers, 409 U.S. 188, 199 (1972). (Dkt. No. 16, Ex. 10 at 9.)

Mr. Herod then filed this habeas corpus petition under 28 U.S.C. § 2254, arguing his conviction violated the Fourteenth Amendment because the identifications admitted at trial "were a product of an impermissibly suggestive show-up." (Petition, Dkt. No. 8 at 5.) He also requests a new evidentiary hearing and a certificate of appealability. (Id. at 6.)

Judge Tsuchida recommends denying the habeas petition because the Washington Court of Appeals applied the Biggers factors reasonably using the record. (Report and Recommendation, Dkt. No. 21 at 6.) He also recommends denying an evidentiary hearing because Mr. Herod failed to satisfy the requirements of 28 U.S.C. § 2254(e)(2). (Dkt. No. 21 at 8.) See 28 U.S.C. § 2254(e)(2) ("If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim."). Finally, Judge Tsuchida recommends denying a certificate of appealability ("COA") because "no reasonable jurist would disagree" that Mr. Herod's petition should be dismissed or would find that the issue deserves continued examination. (Dkt. No. 21 at 8.) See Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012).

Mr. Herod filed objections to Judge Tsuchida's Report and Recommendations, arguing his petition and a COA were wrongly denied. (Petitioner's Objections, Dkt. No. 22 at 5.) He does not object to Judge Tsuchida's recommendation to deny an evidentiary hearing. (Id.)

**Analysis**

The district court reviews reports and recommendations by a magistrate judge de novo. 28 U.S.C. § 636(b)(1). An application for a writ of habeas corpus will not be granted unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). Determinations of factual issues made by the state court "shall be presumed to be correct[,]" and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**A. Admissibility of Show-Up Identification Testimony**

Judge Tsuchida and the Washington Court of Appeals correctly identified the five factors courts consider in determining the admissibility of an identification: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness when he or she confronts the criminal; and (5) the amount of time that elapsed between the crime and the confrontation. Biggers, 409 U.S. at 199. Courts look to the "totality of circumstances[,]" and an identification may still be reliable even if the confrontation procedure was suggestive. Id. Judge Tsuchida recommends denying the habeas petition because the Washington Court of Appeals applied the Biggers factors reasonably using the facts in the record. (Dkt. No. 21 at 6.)

1
      **a. Mr. Herod argues the witnesses did not have an "opportunity to view the criminal at the time of the crime."**

2

3     Mr. Herod argues the identifications were unreliable because "the witnesses did not have

4 an opportunity to view the alleged robber at the time of the crime[,]" but this is a legal

5 conclusion drawn from the first <u>Biggers</u> factor that has no support from the record. (Dkt. No. 22

6 at 5.) As the Washington Court of Appeals explained, the record contradicts Mr. Herod's claim:

7
    [B]oth Pai and Tundo had a good opportunity to view the assailant at the time of
    the robbery. Tundo was standing only about five feet away. He testified that he
    got an uninterrupted look at the man's face for at least 30 seconds. Pai, on the
8     driver's side, was able to get a good look at the man's face from only a foot away
    once he stepped out of the car and handed over the keys. The area was lit by
9     streetlights and the car's interior dome light cast additional light on the robber as
    he sat down in the BMW.

10
(Dkt. No. 16, Ex. 10 at 7.) These facts are presumed to be correct, and the Washington Court of
11
Appeals reasonably applied the law to these facts. <u>See</u> 28 U.S.C. § 2254(e)(1).
12
      **b. Mr. Herod argues the witnesses lacked the "degree of attention at the time of the crime."**
13

14     Mr. Herod argues the identifications were unreliable because "the witnesses lacked the

15 degree of attention during and prior to the suspect's arrest[,]" but this is a legal conclusion drawn

16 from the second <u>Biggers</u> factor that has no support from the record. (Dkt. No. 22 at 5.) The

17 record shows the witnesses paid adequate attention to the robber during and prior to the suspect's

18 arrest:

19
    Pai admitted that he initially focused on the gun, but he was able to describe the
    robber's clothing, hair, and complexion. Tundo was unable to see the gun at first,
20     so it did not distract him until it was actually pointed at him.

21 (Dkt. No. 16, Ex. 10 at 7-8.) These facts are also presumed to be true, and the Washington Court

22 of Appeals reasonably applied the law to these facts. <u>See</u> 28 U.S.C. § 2254(e)(1).

23       **c. Mr. Herod argues the witnesses "lacked an initial description of the suspect."**

24

ORDER ON REPORT AND
RECOMMENDATION- 4

Mr. Herod argues the identifications were unreliable because "the witnesses lacked an initial description of the suspect[,]" but this fact is not in the record. (Dkt. No. 22 at 5.) The record shows that the witnesses provided police with an initial description, and the court found it was reliable:

> [T]he descriptions of the robber provided by Pai and Tundo matched Herod's appearance in significant detail. They said the robber was wearing a dark jacket; Herod was found with a black jacket. They said the robber's head was closely shaved; a police photograph and the video from the night in question showed him with a nearly bald hairstyle. There were some inconsistences as to skin color…But as Pai testified, the lighting may have distorted his perceptions of color.

(Dkt. No. 16, Ex. 10 at 8.) The Washington Court of Appeals reasonably applied the law to these facts as well. See 28 U.S.C. § 2254(e)(1).

      **d. Mr. Herod argues "the level of certainty demonstrated" by the witnesses was highly suggestive.**

Finally, Mr. Herod argues that "the certainty demonstrated by the witnesses at the confrontation was highly suggestive[,]" but this is a legal conclusion drawn from the fourth Biggers factor that has no support from the record. (Dkt. No. 22 at 5.) The record shows the witnesses demonstrated substantial certainty during the show-up:

> They could observe him clearly under the bright police light. Tundo told the officers he was "confident" that he had made a correct identification, and Pai stated he was "very certain."

(Dkt. No. 16, Ex. 10 at 8.) The Washington Court of Appeals reasonably applied the law to these statements. See 28 U.S.C. § 2254(e)(1).

**B. Certificate of Appealability ("COA")**

Mr. Herod argues Judge Tsuchida wrongly recommended denying a COA because "reasonable jurists could disagree with the Magistrate's recommendation…or that jurists could conclude the…claim presented [is] adequate…to proceed further." (Dkt. No. 22 at 4.) However,

Judge Tsuchida wrote his recommendation based on facts in the record, unlike Mr. Herod. <u>Id.</u> at 5. No reasonable jurist would disagree with this Court's dismissal of Mr. Herod's petition.

### Conclusion

This Court ADOPTS Judge Tsuchida's recommendations and DENIES Mr. Herod's habeas corpus petition, his request for an evidentiary hearing, and a COA.

Dated this 4th day of February, 2014.

Marsha J. Pechman
Chief United States District Judge